FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA.

2023 OCT -6 P 1:13

CAROL L. MICHEL K.S.
CLERK



**FELONY**

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

## SUPERSEDING INDICTMENT FOR CONSPIRACY AND ATTEMPTING TO BRING ALIENS TO THE UNITED STATES AND VIOLATING THE FEDERAL CONTROLLED SUBSTANCE ACT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 22-77 |
| v. | * | SECTION: "L" |
| CARL ALLISON<br>    a/k/a "Car" | * | VIOLATIONS: 8 U.S.C. § 1324(a)(1)(A)(v)(I)<br>8 U.S.C. § 1324(a)(1)(A)(i) |
| LINDOMAR DE LA ROSA<br>    a/k/a "Omar"<br>    a/k/a "Dr Diablo" | *<br><br>* | 8 U.S.C. § 1324(a)(1)(A)(iv)<br>8 U.S.C. § 1324 (a)(1)(B)(i)<br>8 U.S.C. § 1324 (a)(2)(B)(ii) |
| HENNESSY DEVON COOPER<br>    a/k/a "Devon" | * | 18 U.S.C. § 2<br>21 U.S.C. § 841(a)(1) |
| RUDY JACKSON HERNANDEZ | | 21 U.S.C. § 841(b)(1)(A) |
| OLVIN JAVIER VELASQUEZ-<br>MALDANADO | * | 21 U.S.C. § 846 |
| | * | |

\* \* \*

The Grand Jury charges that:

## COUNT 1
### (Conspiracy to Bring Aliens to the United States and to Encourage and Induce Aliens to Enter the United States for Private Financial Gain)

**A.     AT ALL TIMES MATERIAL HEREIN:**

1.     Dynamic Capacity Group (DCG) is a corporate entity, based in Pittsburgh, Pennsylvania, owned in whole or in part by defendant **CARL ALLISON (ALLISON)**. DCG's

Fee USA
✓ Process
X Dktd
___ CtRmDep
___ Doc.No.

stated purpose is to "recruit and train employees." The company supplies laborers from Latin America for factory work in the United States.

2. **ALLISON** and defendant **LINDOMAR DE LA ROSA (DE LA ROSA)** are the president and recruiting manager of DCG, respectively.

3. Defendant JOSUE VILLEDA (VILLEDA) is an employee of DCG and lived in a rental house in Georgia owned by **DE LA ROSA**.

4. Defendant DARRELL MARTINEZ (MARTINEZ) is a Honduran sea captain who was hired by **ALLISON**. MARTINEZ conducted several international voyages from Honduras to the United States on behalf of **ALLISON** and others. MARTINEZ served as the captain of the M/V Pop, a vessel owned by **ALLISON**. MARTINEZ has the letters "DCG" tattooed on his wrist.

5. Defendants LENORD COOPER, **HENNESSY DEVON COOPER**, and **RUDY JACKSON HERNANDEZ (HERNANDEZ)** were crew members under MARTINEZ aboard the M/V Pop.

6. On February 13, 2022, the United States Coast Guard (USCG) received information that the M/V Pop, a vessel owned by **ALLISON** was adrift, without fuel, in the Gulf of Mexico, approximately 65 to 97 miles off the coast of Grand Isle, Louisiana. While adrift, a massive storm occurred, nearly capsizing the vessel and endangering the lives of the Aliens.

7. On February 14, 2022, the USCG Cutter *Tiger Shark* departed Grand Isle in an effort to locate the M/V Pop. Later that same day, USCG *Tiger Shark* arrived on scene of the M/V Pop and USCG officers learned that the inoperable vessel contained twenty-four (24) Aliens and

four (4) Honduran national crew members intending to complete their voyage for Coco Marina, which is located in Cocodrie, Louisiana. **OLVIN JAVIER VELASQUEZ-MALDANADO**, who was responsible for bringing cocaine on board the M/V Pop, upon apprehension by the USCG, was instructed by MARTINEZ and others to pose as an Alien so he could avoid prosecution and return to Honduras sooner.

8. On February 15, 2022, the M/V Pop was towed by USCG Cutter *Tiger Shark* to the USCG base located in Grand Isle for further investigation. Subsequently all individuals onboard disembarked the vessel into the custody of various federal agencies. Upon a search of the M/V Pop, approximately 24 kilograms of cocaine were found on board.

**B.    THE CONSPIRACY**:

Beginning in or about December 2021 and continuing until on or about February 14, 2022, within the Eastern District of Louisiana and elsewhere, the defendants, **CARL ALLISON, a/k/a "Car," LINDOMAR DEL LA ROSA, a/k/a "Omar," a/k/a "Dr Diablo," HENNESSY COOPER, a/k/a "Devon," RUDY JACKSON HERNANDEZ**, DARREL MARTINEZ, JOSUE ALEXANDER FLORES-VILLEDA, and LENORD COOPER, did knowingly and willfully combine, conspire, confederate, and agree with each other and others known and unknown to the Grand Jury to commit an offense against the United States, that is:

1. To bring aliens to the United States at a place other than a designated port of entry as designated by the commissioner, knowing that such persons are aliens, for the purpose of commercial advantage and private financial gain, regardless of any official action which might be taken later with respect to such alien, in violation of Title 8, United States Code, Sections 1324 (a)(1)(A)(i) and 1324(a)(1)(B)(i), and

2. To encourage and induce aliens to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence is and will be in violation of law, for the purpose of commercial advantage and private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv) and 1324(a)(1)(B)(i).

3

C. **ACTS IN FURTHERANCE OF THE SMUGGLING**:

1. In furtherance of and to conceal the conspiracy and accomplish its purposes, the defendants and others known and unknown to the Grand Jury, committed at least one of the following acts, among others, in the Eastern District of Louisiana and elsewhere:

2. Payments were made in a variety of methods to entities controlled by DCG, **ALLISON**, and **DE LA ROSA** in Honduras and the United States. Methods included, but were not limited to, cash payments made by families of Aliens to employees of DCG and international electronic money transfers.

3. **ALLISON** and **DE LA ROSA** assembled and instructed Aliens concerning voyage protocols prior to the M/V Pop leaving Honduras. **ALLISON** addressed the Aliens in English and **DE LA ROSA** translated his instructions into Spanish.

4. **DE LA ROSA** confiscated the Aliens' mobile phones and wrapped them in aluminum foil to disable the GPS tracker on the phones in order to avoid detection by law enforcement.

5. During the February 2022 voyage, MARTINEZ concealed the presence of both the twenty-three (23) Aliens and the cocaine on board the M/V Pop when contacted by the USCG.

6. When the M/V Pop ran out of fuel off the coast of Grand Isle, MARTINEZ attempted several times to make arrangements for a fuel drop to complete the voyage to Cocodrie through **ALLISON**, **DE LA ROSA**, VILLEDA, and others.

7. MARTINEZ contacted **DE LA ROSA** by satellite phone and advised him of the vessel's problems. **DE LA ROSA** told MARTINEZ that someone, later identified as VILLEDA, would bring fuel.

8. Pursuant to instructions by **DE LA ROSA**, VILLEDA drove a 1999 Dodge Passenger Van bearing Pennsylvania license plate, "LVY 8727," registered to **ALLISON**, from Atlanta, Georgia, to the Coco Marina in Cocodrie, Louisiana. The van was intended to be used to pick up and transport the twenty-three (23) Aliens.

9. **DE LA ROSA** told VILLEDA to follow him to Coco Marina in **ALLISON**'s van, find a charter boat, and get the 600 gallons of fuel needed for the M/V Pop.

10. On Monday, February 14, 2022, a private charter boat was hired in Louisiana to deliver fuel to the M/V Pop by VILLEDA under orders from **DE LA ROSA** and **ALLISON**.

11. This private charter boat arrived at Coco Marina, loaded the fuel, and picked up VILLEDA. The charter and fuel were paid for with **DE LA ROSA's** DCG corporate American Express card.

12. **DE LA ROSA** instructed VILLEDA to navigate the private charter to the coordinates of the M/V Pop and make sure the private charter did not steal the fuel onboard. As the private charter approached M/V Pop, it was interdicted by the USCG.

13. While the USCG was investigating the private charter's involvement, MARTINEZ orchestrated a meeting with LENORD COOPER, **HENNESSY DEVON COOPER**, **HERNANDEZ**, and the Aliens on the M/V Pop to instruct them on a fraudulent story to tell authorities. The Aliens were told that the co-conspirators would "hurt their families" if they did not stick to the fraudulent story.

14. Many of the Aliens that were smuggled into the United States on past voyages were employed at corporate entities controlled by **ALLISON** in the United States.

All in violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I).

## COUNTS 2 – 5
### (Attempt to Bring an Alien to the United States for Commercial Advantage and Private Financial Gain)

1. Paragraphs A 1-9 and C 1-15 of Count 1 of this superseding indictment are realleged and incorporated as though fully set forth herein.

2. On or about February 14, 2022, within the Eastern District of Louisiana and elsewhere, the defendants, **CARL ALLISON**, a/k/a "Car," **LINDOMAR DEL LA ROSA**, a/k/a "Omar," a/k/a "Dr Diablo," **HENNESSY DEVON COOPER**, a/k/a "Devon," **RUDY JACKSON HERNANDEZ**, DARREL MARTINEZ, JOSUE ALEXANDER FLORES-VILLEDA, LENORD COOPER, and others known and unknown to the Grand Jury, did knowingly attempt to bring, and did aid and abet the attempt to bring, an alien, as set forth in Counts 2 through 5 below, to the United States for the purpose of commercial advantage and private financial gain, knowing and in reckless disregard of the fact that such alien had not received prior official authorization to come to, enter, and reside in the United States, regardless of any action which might later be taken with respect to such alien:

| Count | Alien |
|-------|-------|
| 2 | O.F.S. |
| 3 | G.M.V. |
| 4 | M.M.N. |
| 5 | E.R.P. |

In violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

## COUNT 6
### (Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Hydrochloride)

Beginning at a time unknown but prior to February 15, 2022, in the Eastern District of Louisiana and elsewhere, the defendants, **CARL ALLISON, a/k/a "Car," LINDOMAR DE LA ROSA, a/k/a "Omar," a/k/a "Dr Diablo," HENNESSY DEVON COOPER, a/k/a "Devon," RUDY JACKSON HERNANDEZ, OLVIN JAVIER VELASQUEZ-MALDANADO, DARRELL MARTINEZ,** and **JOSUE ALEXANDER FLORES-VILLEDA**, did knowingly and intentionally combine, conspire, confederate and agree with other persons known and unknown to the Grand Jury, to distribute and to possess with intent to distribute five (5) kilograms or more of cocaine hydrochloride, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A), and 846.

### NOTICE OF FORFEITURE

1. The allegations of Counts 1 through 6 of this superseding indictment are incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States.

2. As a result of the offenses alleged in Counts 1 through 5, the defendants, **CARL ALLISON, a/k/a "Car," LINDOMAR DEL LA ROSA, a/k/a "Omar," "Dr Diablo," HENNESSY COOPER, a/k/a "Devon,"** and **RUDY JACKSON HERNANDEZ**, shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(6)(A), Title 8, United States Code, Section 1324(b)(1), and Title 28, United States Code, Section 2461, any property, real or personal, involved in said offenses, and any property traceable to such property, and any

property that was used or intended to be used to commit or facilitate the commission of said offenses., including but not limited to the following:

65' Sportfish Vessel, CG doc# DO944320;

Furuno GPS, model GP35, bearing serial number 34212657;

Furuno GPS, model GP1850D, bearing serial number 34180576;

Garmin GPS, model 8612SV, bearing serial number 5T1007894;

Raymarine GPS, model E140W, bearing serial number NA241001250073;

Motorola Iridium Satellite Phone, IMEI #300215061003050.

3. As a result of the offense alleged in Count 6, the defendants, **CARL ALLISON, a/k/a "Car," LINDOMAR DE LA ROSA, a/k/a "Omar," a/k/a "Dr Diablo," HENNESSY DEVON COOPER, a/k/a "Devon," RUDY JACKSON HERNANDEZ, OLVIN JAVIER VELASQUEZ-MALDANADO, DARRELL MARTINEZ,** and **JOSUE ALEXANDER FLORES-VILLEDA**, shall forfeit to the United States pursuant to Title 21, United States Code, Section 853(a), any property, constituting or derived from, any proceeds obtained, directly or indirectly, as the result of said offense, and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of said offense.

4. If any of the above-described property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

c. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall seek a money judgment and, pursuant to Title 21, United States Code, Section 853(p), forfeiture of any other property of the defendants up to the value of said property.

A TRUE BILL 

F O_____

DUANE A. EVANS
UNITED STATES ATTORNEY

*J. Benjamin Myers*
J. BENJAMIN MYERS
Assistant United States Attorney

*Carter K. Guice Jr.*
CARTER K. D. GUICE, JR.
Assistant United States Attorney
Louisiana Bar Roll No. 16771

*Carter K. Guice Jr.* FOR
RAMI S. BADAWY
Trial Attorney
United States Department of Justice
Human Rights and Special Prosecutions Section

New Orleans, Louisiana
October 6, 2023

FORM OBD-34

No. 22-77 "L"

# UNITED STATES DISTRICT COURT

Eastern District of Louisiana

Criminal Division

## THE UNITED STATES OF AMERICA

vs.

CARL ALLISON, a/k/a "CAR"
LINDOMAR DE LA ROSA, a/k/a "OMAR" "DR DIABLO"
HENNESSY DEVON COOPER, a/k/a "DEVON"
RUDY JACKSON HERNANDEZ
OLVIN JAVIER VELASQUEZ-MALDANADO

SUPERSEDING INDICTMENT FOR CONSPIRACY AND
ATTEMPTING TO BRING ALIENS TO
THE UNITED STATES AND VIOLATING
THE FEDERAL CONTROLLED SUBSTANCE ACT

VIOLATIONS: 8 U.S.C. § 1324(a)(1)(A)(v)(I),
8 U.S.C. § 1324(a)(1)(A)(i), 8 U.S.C. § 1324(a)(1)(A)(iv),
8 U.S.C. § 1324 (a)(1)(B)(i), 8 U.S.C. § 1324 (a)(2)(B)(ii)
18 U.S.C. § 2, 21 U.S.C. § 841(a)(1),
21 U.S.C. § 841(b)(1)(A), 21 U.S.C. § 846

*A true bill.*

_____

*Filed in open court this* _____ *day of* _____ *A.D.*
2023.

_____
*Clerk*

Bail, $ _____

CARTER K. D. GUICE, JR.
Assistant United States Attorney